UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN GODFREY,<br><br>                Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>                Respondent. | Case No. 1:12-cv-00525-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner John Godfrey's Petition for Writ of Habeas Corpus (Dkt. 3). Respondent filed a Motion for Summary Dismissal on May 9, 2013. (Dkt. 9). Petitioner filed a response to the Motion on November 7, 2013 (Dkt. 12), which the Court will deem timely pursuant to its November 12, 2013 Order granting Petitioner more time to file a supplemental response brief. (*See* Dkt. 14). The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on May 9, 2013 (Dkt. 10). See Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and

**MEMORANDUM DECISION AND ORDER 1**

record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case.

## BACKGROUND

Petitioner entered an *Alford*[1] plea, in the Fifth Judicial District of the State of Idaho, to lewd conduct with a minor in violation of Idaho Code § 18-1508. (State's Lodging A-1 at 69; A-2 at 4-11.) He was sentenced to a unified term of 15 years in prison with 5 years fixed. (State's Lodging A-1 at 69.) Petitioner appealed, arguing that his sentence was excessive. (State's Lodging B-1.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied Petitioner's petition for review (State's Lodging B-3; B-6.)

Petitioner then filed a state postconviction petition and, following the appointment of counsel, an amended petition asserting claims of ineffective assistance of trial counsel based on counsel's failure to (1) investigate Petitioner's mental competency, (2) investigate Petitioner's previous commitment to a mental health facility, (3) comply with Petitioner's request to view the presentence report, (4) ensure that Petitioner's plea was knowing and voluntary, rather than coercing Petitioner to enter the *Alford* plea, (5) investigate a defense of mental incompetency and lack of specific intent, (6) fully advise Petitioner of the consequences of an *Alford* plea, (7) visit Petitioner to prepare adequately

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that a court may accept and sentence a defendant upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER  2**

for court proceedings, (8) call witnesses that could have offered mitigating testimony at sentencing, (9) file an Idaho Criminal Rule 35 motion for reduction of sentence, (10) file a motion to suppress the incriminating statements Petitioner made in a psychosexual evaluation, (11) allow Petitioner to fully read and correct errors in the presentence report, (12) advise Petitioner of his right to have an attorney present during the psychosexual evaluation, and (13) telling Petitioner that the state had agreed to Petitioner's placement in a rider program. (State's Lodging C-1 at 40-44.) Petitioner also argued that the trial judge should have recused himself due to a conflict of interest.

After holding an evidentiary hearing (State's Lodging C-2), the state district court granted Petitioner postconviction relief on his claims regarding trial counsel's failure to advise Petitioner of his rights, under *Estrada v. State*, 149 P.3d 833 (Idaho 2006), regarding the court-ordered psychosexual evaluation. (State's Lodging C-1 at 83-84.) The court ordered a new presentence report and psychosexual evaluation, after which Petitioner was resentenced (by a different judge) to a unified prison term of 17 years, with 5 years fixed. (*Id.*; State's Lodging C-4 at 21.) The court denied postconviction relief on all of Petitioner's other claims. (State's Lodging C-1 at 83-84.)

Petitioner appealed from the state district court's partial dismissal of his postconviction petition, and he also appealed his new sentence. (State's Lodging D-1.) The appeals were consolidated, and the Idaho Court of Appeals affirmed in all respects. (State's Lodging D-4.) Petitioner did not file a petition for review with the Idaho Supreme Court.

**MEMORANDUM DECISION AND ORDER  3**

Petitioner next filed a successive state postconviction petition, in which he asserted 16 claims.² (State's Lodging E-1 at 2-3.) Appointed counsel withdrew from the case after finding no viable claims. (*Id*. at 115-118.) Petitioner then filed a state petition for writ of habeas corpus, within his successive postconviction case, and a motion to withdraw the successive petition. (*Id*. at 125-26, 141-52.) He also sought new counsel. (*Id*. at 153-54.)

Under Idaho law, a state petition for writ of habeas corpus may "not be used as a substitute for, or in addition to" a postconviction petition. Idaho Code § 19-4203(4). For this reason, and because Petitioner was not incarcerated within the court's jurisdiction, the state district court denied the state habeas petition. (*Id*. at 159.) The court also denied Petitioner's request for counsel. Because it was unclear, given the denial of Petitioner's habeas petition, whether he still intended to withdraw his postconviction petition, the court gave Petitioner 60 days to notify the court as to his wishes. (*Id*. at 160-61.) Petitioner did not do so, and the court granted his motion to withdraw the postconviction petition. (*Id*. at 176-78.) Petitioner did not appeal.

---

² In his successive petition, Petitioner framed his claims as follows: (1) violation of the Eighth Amendment's prohibition of cruel and unusual punishment; (2) violation of the Universal Declaration of Human Rights; (3) violation of the Fifth Amendment's protection against compelled self-incrimination; (4) violation of due process; (5) actual innocence; (6) insufficient evidence; (7) violation of the Sixth Amendment's guarantee of compulsory process; (8) violation of the Eighth Amendment's prohibition of excessive fines; (9) miscarriage of justice; (10) selective prosecution; (11) vindictive prosecution; (12) retaliatory sentencing; (13) violation of the Double Jeopardy Clause of the Fifth Amendment; (14) violation of the Privileges or Immunities Clause of the Fourteenth Amendment; (15) violation of the Ninth Amendment; and (16) violation of Article VI, clause 2 (the Supremacy Clause) of the United States Constitution. (State's Lodging E-1 at 2-3.)

**MEMORANDUM DECISION AND ORDER 4**

Petitioner's federal Petition for Writ of Habeas Corpus asserts the following claims: (1) his confession to the crime of conviction was involuntary; (2) trial counsel was ineffective in failing to adequately investigate the case; (3) trial counsel did not investigate potential witnesses identified by Petitioner; (4) the state did not prove each element of the crime beyond a reasonable doubt; (5) Petitioner's rights were violated when he received a harsher sentence following the partial grant of his postconviction petition; (6) the civil fine imposed was actually punitive; (7) Petitioner was not advised of his right against self-incrimination with respect to the psychosexual evaluations; and (8) his imprisonment is unconstitutional because there was "no competent evidence" to support the charge against him. (Dkt. 3 at 6-13.)

Respondent now moves for summary dismissal, arguing that all of Petitioner's habeas claims are procedurally defaulted. Petitioner has since requested that the Court dismiss Claims 4 and 7, and the Court will do so. Petitioner also asks that the Court consolidate Claims 2 and 3 "as a unified claim of ineffective assistance of counsel." (Dkt. 12 at 1-2.) The Court will now address the remaining claims in the Petition: Claim 1, Claims 2 and 3, Claim 5, Claim 6, and Claim 8.

## DISCUSSION

**1.      Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner

**MEMORANDUM DECISION AND ORDER  5**

is not entitled to relief in the district court." In such case, the Court construes the facts in the light most favorable to the petitioner.

**2.      Petitioner's Claims Are Procedurally Defaulted**

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state

**MEMORANDUM DECISION AND ORDER  6**

procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner concedes that he has never presented his federal habeas claims to the Idaho Supreme Court. (Dkt. 3 at 6-13.) Thus, the claims are unexhausted. Further, because Petitioner cannot go back to state court to raise them, *see* Idaho Code §§ 19-4902(a) & 19-4908, his claims are also procedurally defaulted. Accordingly, the Court cannot hear the merits of Petitioner's claims unless he meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

3. **Cause and Prejudice**

   A. *Standard of Law*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**MEMORANDUM DECISION AND ORDER 7**

As to the "cause" prong, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim is itself not procedurally defaulted, or if it is defaulted, if the petitioner can show cause and prejudice for that default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). However, a petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during postconviction proceedings cannot serve as a basis for cause to excuse a petitioner's procedural default of other claims. *See Coleman*, 501 U.S. at 752.

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012), established a limited exception to this general rule. That case held that inadequate assistance of postconviction review (PCR) counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. In *Nguyen v. Curry*, ___ F.3d ___, 2013 WL 6246285, *6-8 (9th Cir. Dec. 4, 2013), the Ninth Circuit extended *Martinez*, holding that it can also apply to underlying claims of ineffective assistance of appellate counsel.

**MEMORANDUM DECISION AND ORDER 8**

The *Martinez* exception[3] applies only to the ineffectiveness of PCR counsel in the initial post-conviction review proceeding. It "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance." *Id*. at 1320. Rather, the Court in *Martinez* was singularly concerned that, if ineffective assistance of trial counsel claims were not brought in the collateral proceeding which provided the first occasion to raise such claims, the effect was that the claims could not be brought *at all. Id.* at 1316. Therefore, a petitioner may not use as cause attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 1320.

In *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the Supreme Court described the *Martinez* test as consisting of four requirements or prongs:

> We consequently read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4)

---

[3] *Martinez* applies only if the ineffective assistance of counsel claim is exhausted (no further avenue of state court relief is available) and procedurally defaulted (an adequate and independent state procedural ground for the default exists). If the new claim is unexhausted and not procedurally defaulted, then the petitioner may be able to return to state court to assert the claim under the stay-and-abey procedure. *See Rhines v. Weber*, 544 U.S. 269 (2005).

**MEMORANDUM DECISION AND ORDER  9**

> state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Id.* at 1918 (citing *Martinez*, 132 S. Ct. at 1318-19, 1320-21) (alterations in original).

Thus, as a necessary first prong for the *Martinez* exception to apply, a petitioner must bring forward some facts demonstrating that his underlying IAC claim is substantial. The United States Supreme Court has defined "substantial" as a claim that "has some merit." *Martinez*, 132 S. Ct. at 1318 (comparing the standard for certificates of appealability from *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Stated inversely, a claim is "*in*substantial" if "it does not have any merit or . . . is wholly without factual support." *Id.* at 1319.

Determining whether an IAC claim is substantial requires a federal district court to examine the claim under *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) those errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

Whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the "reasonableness" of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse

**MEMORANDUM DECISION AND ORDER  10**

> sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions, such as the choice of which evidence to present or which witnesses to call, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690. Moreover, an attorney who decides not to investigate a particular theory or issue in the case is not ineffective so long as the decision to forego investigation is itself objectively reasonable:

> [S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id.* at 690-91.

**MEMORANDUM DECISION AND ORDER  11**

If a petitioner shows that counsel's performance was deficient, the next step is the prejudice analysis. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To satisfy the prejudice standard, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As the *Strickland* Court instructed:

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96.

These standards from *Strickland* for determining deficient performance and prejudice, are, of course, the standards for an eventual review of the merits of the IAC claim. The first *Martinez* prong is not the same as a merits review; rather, it is more akin to a preliminary review of a *Strickland* claim for purposes of determining whether a certificate of appealability should issue. *See Martinez,* 132 S. Ct. at 1318-19. Therefore, a

**MEMORANDUM DECISION AND ORDER 12**

court may conclude that a claim is substantial when a petitioner has shown that resolution of the merits of the *Strickland* claim would be "debatable amongst jurists of reason" or that the issues presented are "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). Thus, the first prong of *Martinez* requires the district court to *review* but not *determine* whether trial counsel's acts or omissions resulted in deficient performance and in a reasonable probability of prejudice, and to *determine* only whether resolution of the merits of the claim would be debatable among jurists of reason and whether the issues are deserving enough to encourage further pursuit of them.

A second necessary prong of *Martinez* is a showing that the petitioner had no counsel on initial postconviction review, or that PCR counsel was "ineffective under the standards of *Strickland*." 132 S. Ct. at 1318; *see Trevino*, 133 S. Ct. at 1918. "Ineffectiveness" is a term defined by *Strickland* as deficient performance and a reasonable probability of prejudice caused by the deficient performance. 466 U.S. at 694, 700.

As to deficient performance, not just any error or omission of PCR counsel will be deemed "deficient performance" that will satisfy *Martinez*; if the PCR "attorney in the initial-review collateral proceeding did not perform below constitutional standards," the PCR attorney's performance does not constitute "cause." 132 S. Ct. at 1319. The *Strickland* standards for analyzing deficient performance set forth above apply with equal force to PCR counsel in the context of a *Martinez* argument.

**MEMORANDUM DECISION AND ORDER 13**

As to prejudice, in *Detrich v. Ryan*, ___ F.3d ___, 2013 WL 4712729, *6 (9th Cir. 2013) (en banc) (plurality opinion), a plurality of judges concluded: "A prisoner need not show actual prejudice resulting from his PCR counsel's deficient performance, over and above his required showing that the trial-counsel IAC claim be 'substantial' under the first *Martinez* requirement." Those judges reasoned:

> If a prisoner who had PCR counsel were required to show prejudice, in the ordinary *Strickland* sense, resulting from his PCR counsel's deficient performance in order to satisfy the second *Martinez* requirement, the prisoner would have to show, as a condition for excusing his procedural default of a claim, that he would succeed on the merits of that same claim. But if a prisoner were required to show that the defaulted trial-counsel IAC claims fully satisfied *Strickland* in order to satisfy the second *Martinez* requirement, this would render superfluous the first *Martinez* requirement of showing that the underlying *Strickland* claims were "substantial"—that is, that they merely had "some merit." *See Martinez*, 132 S.Ct. at 1318-19.

*Id*.

    **B.**    *Application of the Cause and Prejudice Test to Petitioner's Claims*

        i.    Traditional, or *Coleman*, Cause

Petitioner alleges that David W. Haley, his trial counsel, was ineffective and that counsel's ineffectiveness excuses the procedural default of Petitioner's claims. (Dkt. 3 at 6-9, 13.) However, it appears that Petitioner is actually claiming that his current habeas claims were omitted from his direct appeal, which would involve only Petitioner's *appellate* counsel. Thus, the Court will construe the Petition as alleging that appellate counsel's alleged ineffectiveness caused the procedural default.

**MEMORANDUM DECISION AND ORDER 14**

However, Petitioner has not established cause under *Coleman* because he has not shown that he exhausted any claim of ineffective assistance of appellate counsel or that cause exists to excuse non-exhaustion. *See Edwards*, 529 U.S. at 454; *Nguyen*, 2013 WL 6246285 at *6-8. Petitioner has raised no other *Coleman* cause arguments, and none are apparent from the record, as to any of the defaulted claims.

    ii.  *Martinez* Cause

Petitioner also alleges that his initial postconviction counsel, Clayne Zollinger, was ineffective for omitting some of his habeas claims. (Dkt. 3 at 10-12.) *Martinez* applies only to underlying claims of ineffective assistance of counsel. Thus, it cannot apply to excuse the procedural default of Claim 1 (involuntary confession), Claim 5 (vindictive sentence following the grant of postconviction relief), Claim 6 (penal nature of the civil fine), or Claim 8 (no competent evidence to support the conviction).

With respect to Petitioner's remaining IAC claims (Claims 2 and 3 of the Petition), PCR counsel *did* raise these claims in Petitioner's initial state postconviction petition, and the Idaho Court of Appeals affirmed their dismissal. (State's Lodging C-1 at 42; D-4 at 3-5.) To the extent Petitioner intended to reassert his IAC claims in his successive postconviction petition, he voluntarily withdrew that petition and did not appeal.

Therefore, the procedural default of Petitioner's IAC claims was not caused by any failure of postconviction counsel to adequately raise them initially, but by (1) Petitioner's (or postconviction counsel's) failure to petition the Idaho Supreme Court for review of the Idaho Court of Appeals' decision on the initial postconviction petition, and (2)

**MEMORANDUM DECISION AND ORDER  15**

Petitioner's own failure to appeal the dismissal of his successive postconviction petition. Because *Martinez* does not apply to claims of cause based on postconviction counsel's ineffectiveness during "appeals from initial-review collateral proceedings, second or successive collateral proceedings, [or] petitions for discretionary review in a State's appellate courts," *Martinez*, 132 S. Ct. at 1320, Petitioner cannot establish cause to excuse his procedural default on those grounds.

Finally, the Court concludes that Petitioner's current IAC claims are "wholly without factual support." *Id.* 1319. Petitioner has provided the Court with nothing more than his own conclusory statements that counsel was ineffective—statements that are insufficient to establish the existence of a substantial IAC claim under *Martinez*. *See id.* at 1318-19.

### 4.     Actual Innocence

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new

**MEMORANDUM DECISION AND ORDER  16**

evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence," *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

Petitioner alleges that he is actually innocent (Dkt. 12 at 6, 11), but he has not brought forth any evidence to support such a claim. Therefore, he has not established that the Court should hear the merits of his procedurally defaulted habeas claims.

## CONCLUSION

Petitioner did not present any of his current habeas claims to the Idaho Supreme Court. Because he can no longer do so, his claims are procedurally defaulted. Further, Petitioner has not established cause—under either *Coleman* or *Martinez*—to excuse the procedural default, nor has he provided any evidence that he is actually innocent. Therefore, the Petition will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.
2. Respondent's Motion for Summary Dismissal (Dkt. 9) is GRANTED, and this entire action is DISMISSED with prejudice.

**MEMORANDUM DECISION AND ORDER 17**

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **December 31, 2013**

Honorable Edward J. Lodge
U. S. District Judge